**\*\*E-Filed 3/18/09\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>FRANCISCO JAVIER ALCAZAR,<br><br>    Defendant.<br>_____/ | No. 5:06 CR 0095 JF<br><br>**ORDER UPON *IN CAMERA* INSPECTION** |

## I. INTRODUCTION

Against the backdrop of a long-running discovery dispute between the parties in this criminal action, the Court ordered the United States to submit *in camera* an unredacted set of materials corresponding to previously produced redacted documents responsive to defendant's discovery requests. Having now reviewed those unredacted documents, the declaration of DEA Special Agent Hilda Morejon filed under seal, and the entire record herein, the Court denies defendant's motion to compel production of the unredacted documents.

## II. BACKGROUND

This matter was initially assigned to United States Magistrate Judge Patricia V. Trumbull for discovery purposes. On October 29, 2007, defendant Francisco Alcazar filed a motion to compel, seeking disclosure of the identities of two confidential government sources and related information.

1

By order dated December 3, 2007, Judge Trumbull ordered the United States to produce materials responsive to several of Alcazar's requests but denied those that specifically sought disclosure of the identities or contact information for the confidential sources, in particular defendant requests numbers 1 and 2. Shortly thereafter, Judge Trumbull recused herself from further participation in the case and the action was transferred to the undersigned for discovery purposes.

Alcazar has submitted further motions to compel and for sanctions, contending that the United States has not fully responded to Judge Trumbull's December 3, 2007, discovery order. Upon further production of documents by the United States after the filing of these motions, the dispute has now distilled down to the issue of whether or not the government may redact information from otherwise responsive documents it contends would identify and assist in locating the two confidential sources involved. This Court held hearings on these disputes on July 17, 2008, and February 23, 2009., and by subsequent written order required the government to submit the documents produced regarding Alcazar in redacted form, along with an unredacted set of those materials for *in camera* review.

### III. DISCUSSION

Having reviewed the unredacted set of documents *in camera*, the Court will not require production of those documents to Alcazar in that form, with the exception of certain pages discussed below. The materials Judge Trumbull required the government to produce in her December 3, 2007, order pertained generally to benefits or other inducements the two confidential informants have received as well as information that may touch on their credibility. Alcazar has now received such documents and will be in a position to use them in the event either witness is called to testify. What Judge Trumbull expressly refused to require was the disclosure of the identities or contact information for those confidential sources. As the declaration of DEA Special Agent Morejon, filed under seal, reflects, such disclosure could well jeopardize the safety of those individuals and anyone associated with them.

While the redactions generally are appropriate, on certain pages reference to prior arrests, convictions, and sentences imposed have been deleted while on other documents such information

has been disclosed. In particular, on pages 476, 479, 480.1, and 481, criminal history as described above has been redacted. The United States is ordered to remove those redactions to the extent that they describe prior arrests, convictions, and sentences but may maintain them as to case names, docket numbers, and dates. In addition, the second paragraph of letters designated as numbers 503 (February 23, 2004) and 505 (March 18, 2003) shall be unredacted with the exception of the name of the confidential source.

Accordingly, Alcazar's motion for the production of unredacted documents is denied, with the limited exceptions noted above. At the same time, the declaration of Special Agent Morejon does not appear to reveal any identifying information relative to the two confidential sources, and the United States will therefore be required to re-file that declaration in an unsealed format within five days of the date of this order, or to submit a further declaration with the Court justifying why that document should remain under seal.

## IV. CONCLUSION

For the reasons set forth above, defendant Alcazar's motion to obtain unredacted copies of documents produced by the United States is denied, with the exceptions noted above. The United States is directed to re-file the declaration of Special Agent Morejon in an unsealed format within five days of the date of this order or to submit a further declaration by that date explaining why the declaration should remain under seal.

**IT IS SO ORDERED.**

Dated: March 18, 2009

RICHARD SEEBORG
United States Magistrate Judge

ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO QUASH
5:06 CR 0424 RS

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
For the Northern District of California

ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO QUASH
5:06 CR 0424 RS

4