1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10                            SAN JOSE DIVISION

11   FRANCISCO ALCAZAR                   )   Case No.: 06-CR-00095-LHK
                                         )   Civil Case No.: 13-CV-04974-LHK
12                      Petitioner,      )
                                         )   ORDER DENYING PETITIONER'S (1)
13          v.                           )   MOTION FOR DOWNWARD
                                         )   DEPARTURE PURSUANT TO 28 U.S.C.
14   UNITED STATES OF AMERICA            )   § 2255; (2) MOTION FOR
                                         )   EVIDENTIARY HEARING; AND (3)
15                      Respondent.      )   MOTION FOR APPOINTMENT OF
                                         )   COUNSEL
16   _____)

17          On October 24, 2013, Petitioner Francisco Alcazar ("Petitioner"), acting *pro se*, filed a

18   "Motion for Downward Departure" (hereinafter "Petition") asking the Court to modify his

19   sentence. ("Pet.") ECF No. 165.[1] Petitioner claims that a lesser sentence is warranted because: (1)

20   his status as a deportable alien renders him ineligible for a "residential drug abuse program" and a

21   "timely half-way house release;" and (2) there have been changes to the United Stated Sentencing

22   Guidelines regarding "Federal Guideline[s] for immigration offender[s] who are deportable to there

23   [*sic*] native country after serving prison sentence." *Id.* at 2. Petitioner also filed a motion for

24   appointment of counsel. ("Mot. to Appoint Counsel") ECF No. 167. Although Petitioner originally

25   pleaded guilty and was sentenced before Judge Jeremy Fogel, the Petition was assigned to the

26   undersigned judge in light of Judge Fogel's service as director of the Federal Judicial Center.

27   _____

28   [1] All ECF citations refer to Case No. 06-CR-00095-LHK unless otherwise noted.

**United States District Court**
For the Northern District of California

1    On November 8, 2013, this Court issued an Order directing the United States to respond.

2    ECF No. 168. The United States filed its Opposition on March 6, 2014. ECF No. 173.

3    **I.      BACKGROUND**

4        **A.      Petitioner's Binding Plea Agreement**

5        On September 28, 2009, with the assistance of counsel and an interpreter, Petitioner

6    executed a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). ("Plea

7    Agreement") ECF No. 123. Rule 11(c)(1)(C) provides that where the parties "agree that a specific

8    sentence . . . is the appropriate disposition of the case . . . such a recommendation or request binds

9    the court once the court accepts the plea agreement." The Plea Agreement provided, in part:

10       <u>The Defendant's Promises</u>

11   1. I agree to plead guilty to Counts 1 and 2 of the captioned information charging me
        with using a communications facility in the commission of an act constituting a
12       controlled substance offense, that is, the distribution of 1 gram of pure or actual
        methamphetamine, and the possession of 213.2 grams of pure or actual
13       methamphetamine, in violation of 21 U.S.C. [§] 843(b) . . .

14       . . . .

15   3. I agree to give up all rights that I would have if I chose to proceed to trial, including
        the rights to a jury trial with the assistance of an attorney; to confront and cross-
16       examine government witnesses; to remain silent or testify; to move to suppress
        evidence or raise any other Fourth or Fifth Amendment claims; to any further
17       discovery from the government and to further DNA testing of physical evidence in
        the government's possession; and to pursue any affirmative defenses and present
        evidence.

18       . . . .

19   4. I agree to give up my right to appeal my conviction(s), the judgment, and orders of
        the Court. I also agree to waive any right I may have to appeal any aspect of my
20       sentence, including any orders relating to forfeiture and/or restitution.

21   5. I agree to waive any right I may have to file any collateral attack on my
        conviction(s) or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C.
22       § 2241, or motion under 18 U.S.C. § 3582, at any time in the future after I am
        sentenced, except for a claim that my constitutional right to the effective assistance
        of counsel was violated. . . .

23   6. I agree not to ask the Court to withdraw my guilty plea(s) at any time after it is (they
        are) entered, unless the Court declines to accept the sentence agreed by the parties. I
24       agree that the government may withdraw from this Agreement if the Court does not
        accept the agreed upon sentence set out below, the statute of limitations shall be
25       tolled from the date I signed the plea agreement until the date the Court does not
        accept the plea agreement.

26   7. I agree that my sentence should be calculated pursuant to the Sentencing Guidelines.
27       I understand that the Court, while not bound to apply the Guidelines, must consult
        those Guidelines and take them into account when sentencing, together with the

28

Case No.: 06-CR-00095-LHK
ORDER DENYING PETITIONER'S (1) MOTION FOR DOWNWARD DEPARTURE PURSUANT TO 28 U.S.C.
§ 2255; (2) MOTION FOR EVIDENTIARY HEARING; AND (3) MOTION FOR APPOINTMENT OF COUNSEL

factors set forth in 18 U.S.C. § 3553(a). I also agree that the Sentencing Guidelines range will be calculated as follows and that I will not ask for any other adjustment to or reduction in the offense level or for a downward departure from the Guidelines range:

    a.  Base Offense Level, U.S.S.G. § 2D1.6 pursuant to 2D1.1(3) [*sic*]: (Based upon 214.2 [*sic*] grams of pure or actual methamphetamine)[2]     34

    b.  <u>Acceptance of Responsibility</u>: If I meet the requirements of U.S.S.G. § 3E1.1, I may be entitled to a three level reduction for acceptance of responsibility, provided that I forthrightly admit my guilt, cooperate with the Court and the Probation Office in any presentence investigation ordered by the Court, and continue to manifest an acceptance of responsibility through and including the time of sentencing.     -3

    c.  Adjusted offense level:     31

8. I agree that a reasonable and appropriate disposition of this case, under the Sentencing Guidelines and 18 U.S.C. § 3553(a), and the sentence to which the parties have agreed, is as follows: **36 months imprisonment for count 1 to run consecutively to 48 months for count two for a total of 84 months imprisonment, 3 years of supervised release with conditions to be fixed by the Court, no fine, $100 special assessment per count and no restitution**. . . .

. . . .

10. I agree that this Agreement contains all of the promises and agreements between the government and me, and I will not claim otherwise in the future.

. . . .

<u>The Defendant's Affirmations</u>

15. I confirm that I have had adequate time to discuss this case, the evidence, and this Agreement with my attorney, and that he has provided me with all the legal advice that I requested.

16. I confirm that while I considered signing this Agreement, and at the time I signed it, I was not under the influence of any alcohol, drug, or medicine.

17. I confirm that my decision to enter a guilty plea is made knowing the charges that have been brought against me, any possible defenses, and the benefits and possible detriments of proceeding to trial. I also confirm that my decision to plead guilty is made voluntarily, and no one coerced or threatened me to enter into this Agreement.

**18. I confirm that I read this entire plea agreement with the assistance of an interpreter and in the presence of my attorney.**

Plea Agreement ¶¶ 1-18 (emphasis in original).

**B.    Petitioner's Plea of Guilty**

    On September 28, 2009, pursuant to the binding Plea Agreement, Petitioner pleaded guilty to one count of using a communication facility in the commission of distribution of one gram or

---

[2] In its Opposition, the United States stated that two typographical errors were made in the plea agreement: 2D1.1(3) should have read 2D1.1(c)(3), and 214.2 grams should have read 213.2 grams. Opp'n n.1.

3

United States District Court
For the Northern District of California

more of pure or actual methamphetamine. Additionally, Petitioner pleaded guilty to one count of possession of 213.2 grams of pure actual methamphetamine. *See* Tr. of Sept. 28, 2009 Proceedings before Judge Fogel, ("Plea Tr.") ECF No. 172.

During the plea colloquy, Petitioner and the Court engaged in the following exchange, in which Petitioner acknowledged that he understood his sentencing agreement and its consequences:

> THE COURT: Okay. The agreed sentence is 36 months imprisonment for count 1, to run consecutively, 48 months for count 2 for a total of 84 months in prison. Three years supervised release for conditions to be fixed by the Court. No fine. $100 per count special assessment and no restitution. Do you understand then if the Court imposes that sentence you are bound by this plea agreement. Do you understand that?
>
> THE DEFENDANT: Yes.

Plea Transcript at 11:7-17.

> THE COURT: And there are other possible consequences of your plea, including denial of federal benefits such as food stamps and welfare and potential deportation. Do you understand that?
>
> THE DEFENDANT: Yes.

*Id*. at 10:2-6.

Petitioner also acknowledged that he understood he was giving up his right to appeal his sentence:

> THE COURT: If this case were to go to trial and if you were convicted, you would have the right to appeal the sentence, the judgment and any other order made by the Court. Under the plea agreement you give up and any all rights of appeal; do you understand?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you give up that right?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You also have the right to file other types of motions or petitions besides an appeal if you disagree with any action taken by this Court. Under the plea agreement you give up any and all rights of that kind. The only right you retain is the right to claim that you didn't get effective legal assistance. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And with that one exception, do you give up that right?
>
> THE DEFENDANT: Yes.

Case No.: 06-CR-00095-LHK
ORDER DENYING PETITIONER'S (1) MOTION FOR DOWNWARD DEPARTURE PURSUANT TO 28 U.S.C. § 2255; (2) MOTION FOR EVIDENTIARY HEARING; AND (3) MOTION FOR APPOINTMENT OF COUNSEL

*Id.* at 14: 6-24.

Additionally, Petitioner confirmed his satisfaction with the court interpreter and the representation he received from his attorney:

> THE COURT: I take it you speak both Spanish and English, correct?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And you've had the opportunity to use a court interpreter in going through the plea agreement, correct?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And with her assistance, can you say that you understand the plea agreement?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Have you had enough time to discuss the plea agreement with your attorneys?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Have they been able to answer any questions that you may have had about the plea agreement?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you have any complaint about the legal services you received?
>
> THE DEFENDANT: No.

*Id.* at 6:10-7:2.

### C.   Petitioner's Sentencing

On August 4, 2011, Petitioner appeared with his counsel in front of Judge Fogel for his sentencing hearing. ECF No. 154. Petitioner was sentenced to 36 months on count one and 48 months on count two, each term to be served consecutively, one year of supervised release, and a $200 special assessment. *Id.* A final judgment of conviction was entered on August 26, 2011. *See* ECF No. 155.

## II.   DISCUSSION

### A.   Standard of Review

Case No.: 06-CR-00095-LHK
ORDER DENYING PETITIONER'S (1) MOTION FOR DOWNWARD DEPARTURE PURSUANT TO 28 U.S.C. § 2255; (2) MOTION FOR EVIDENTIARY HEARING; AND (3) MOTION FOR APPOINTMENT OF COUNSEL

United States District Court
For the Northern District of California

1    Although Petitioner does not describe it as such, the Court construes the Petition as a

2    motion brought pursuant to 28 U.S.C. § 2255.[3] A Section 2255 motion to set aside, correct or

3    vacate a sentence of a person in federal custody entitles a prisoner to relief "[i]f the court finds that

4    . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to

5    render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). Under Section 2255, "a

6    district court must grant a hearing to determine the validity of a petition brought under that section,

7    [u]nless the motions and the files and records of the case conclusively show that the prisoner is

8    entitled to no relief." *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (alteration in

9    original) (internal quotation marks omitted). A court need not hold an evidentiary hearing where

10   the prisoner's allegations, when viewed against the record, either do not state a claim for relief or

11   are so palpably incredible as to warrant summary dismissal. *See United States v. McMullen*, 98

12   F.3d 1155, 1159 (9th Cir. 1996); *United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004).

13   Accordingly, an evidentiary hearing is required only if: (1) a petitioner alleges specific facts,

14   which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot

15   conclusively show that the petitioner is entitled to no relief. *See Howard*, 381 F.3d at 877.

16   **B.      Petitioner Waived the Right to Collaterally Attack His Sentence**

17      A defendant may expressly waive the statutory right to bring a Section 2255 motion

18   challenging the conviction or sentence. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994).

19   Two claims that cannot be waived, however, are that the waiver itself was involuntary or that

20   ineffective assistance of counsel rendered the waiver involuntary. *See Washington v. Lampert*, 422

21   F.3d 864, 870-71 (9th Cir. 2005). Based on the language of the Plea Agreement, Petitioner has

22

23   [3] Because Petitioner titled his Petition a "Motion for Downward Departure," the Court considered
     whether Petitioner in fact intended to file a motion for a reduction of sentence pursuant to 18

24   U.S.C. § 3582(c)(2), which allows a federal prisoner to seek a sentence reduction when a
     subsequent change to the U.S. Sentencing Guidelines lowers the sentencing range under which the

25   prisoner was initially sentenced. The Court finds, however, that regardless of whether the Petition
     is analyzed under Section 2255 or Section 3582, Petitioner is not entitled to relief. Petitioner

26   waived his right to collaterally attack his sentence (on grounds other than ineffective assistance of
     counsel) through *either* Section 2255 or Section 3582. *See* Plea Agreement ¶ 5; *see also infra* Part

27   II.B. In any event, the United States Sentencing Commission has not lowered the sentencing range
     under which Petitioner was sentenced, *see infra* Part II.D, and thus Petitioner does not qualify for

28   relief under Section 3582.

6

1   waived his right to attack his sentence under Section 2255 on any basis other than ineffective

2   assistance of counsel. Plea Agreement ¶¶ 4-5; Plea Tr. at 14:6-24. Petitioner, however, does not

3   claim ineffective assistance of counsel in his Petition.

4          Neither does Petitioner challenge the voluntariness of his waiver of the right to collaterally

5   attack his sentence. Nevertheless, the Court has considered the waiver and finds that Petitioner's

6   waiver of the right to collaterally attack his sentence pursuant to a binding plea agreement under

7   Federal Rule of Criminal Procedure 11(c)(1)(C) was knowing and voluntary. Petitioner repeatedly

8   acknowledged that he was entering into the Plea Agreement knowingly and voluntarily. In the

9   binding Plea Agreement, Petitioner affirmed that he: (1) "had adequate time to discuss th[e] case,

10  the evidence, and [the Plea Agreement] with [his] attorney;" (2) "was not under the influence of

11  any alcohol, drug, or medicine" when considering and signing the Plea Agreement; (3) was

12  entering the Plea Agreement "knowing the charges that have been brought against me, any possible

13  defenses, and the benefits and possible detriments of proceeding to trial." Plea Agreement ¶¶ 15-

14  17. Petitioner further confirmed "that [his] decision to plead guilty [was] made voluntarily,"

15  without threats or coercion. *Id.* ¶ 17.

16         During the plea colloquy, Petitioner reiterated that his plea was made knowingly and

17  voluntarily. Judge Fogel reminded Petitioner that by accepting the Plea Agreement, Petitioner was

18  waiving the right to collaterally attack his sentence, and Petitioner confirmed that he understood

19  that he was waiving this right. Plea Tr. at 14:14-24 ("THE COURT: You also have the right to file

20  other types of motions or petitions besides an appeal if you disagree with any action taken by this

21  Court. Under the plea agreement you give up any and all rights of that kind. The only right you

22  retain is the right to claim that you didn't get effective legal assistance. Do you understand that?

23  THE DEFENDANT: Yes. THE COURT: And with that one exception, do you give up that right?

24  THE DEFENDANT: Yes."). Petitioner further affirmed that he understood the Plea Agreement and

25  that he was entering the Plea Agreement voluntarily. *Id.* at 7:8-20 ("THE COURT: Other than the

26  promises that are contained in the Plea Agreement itself, has anyone made any promises to you in

27  exchange for a plea of guilty? THE DEFENDANT: No. THE COURT: Has anyone made any

28

7

Case No.: 06-CR-00095-LHK
ORDER DENYING PETITIONER'S (1) MOTION FOR DOWNWARD DEPARTURE PURSUANT TO 28 U.S.C.
§ 2255; (2) MOTION FOR EVIDENTIARY HEARING; AND (3) MOTION FOR APPOINTMENT OF COUNSEL

United States District Court
For the Northern District of California

1   threats against you in order to get you to plead guilty? THE DEFENDANT: No. THE COURT: Is

2   your decision to plead guilty free and voluntary? THE DEFENDANT: Yes. THE COURT: And are

3   you presently taking any drugs or any medication? THE DEFENDANT: No.").

4          Nor is there any indication that Petitioner had any difficulty understanding the Plea

5   Agreement. Petitioner speaks both Spanish and English and was provided with an interpreter both

6   when reviewing the Plea Agreement and at his change of plea hearing. *See* Plea Agreement ¶ 18 ("I

7   confirm that I read this entire plea agreement with the assistance of an interpreter and in the

8   presence of my attorney."); Plea Tr. at 6:10-12 ("THE COURT: I take it you speak both Spanish

9   and English, correct? THE DEFENDANT: Yes."); *id.* at 6:13-18 ("THE COURT: And you've had

10  the opportunity to use a court interpreter in going through the plea agreement, correct? THE

11  DEFENDANT: Yes. THE COURT: And with her assistance, can you say that you understand the

12  plea agreement? THE DEFENDANT: Yes."); ECF 127 (minute entry showing interpreter was

13  present at change of plea hearing).

14          Because Petitioner knowingly and voluntarily waived the right to collaterally attack his

15  sentence on grounds other than ineffective assistance of counsel as part of his binding Plea

16  Agreement, the Court finds that the claims in the Petition are waived.

17  **C.      The Petition Is Untimely**

18          Waiver aside, the Petition is also untimely. A one-year period of limitation applies to

19  Section 2255 motions. 28 U.S.C. § 2255(f). This one-year period runs from the latest of:

20          (1) the date on which the judgment of conviction becomes final;

21          (2) the date on which the impediment to making a motion created by governmental action
            in violation of the Constitution or laws of the United States is removed, if the movant was
22          prevented from making a motion by such governmental action;

23          (3) the date on which the right asserted was initially recognized by the Supreme Court, if
            that right has been newly recognized by the Supreme Court and made retroactively
24          applicable to cases on collateral review; or

25          (4) the date on which the facts supporting the claim or claims presented could have been
            discovered through the exercise of due diligence.

26  28 U.S.C. § 2255(f)(1)-(5).

27

28

8

**United States District Court**
For the Northern District of California

1    Here, the limitations period began to run on the date the judgment became final, which

2    occurred no later than September 9, 2011.[4] Petitioner filed the Petition on October 24, 2013, well

3    outside Section 2255(f)'s one-year window. *See* ECF 165. Thus, the Court further finds that the

4    Petition is untimely.

5        **D.      Petitioner's Claims Lack Merit**

6        Even if the Petition was timely and Petitioner had not waived the right to collaterally attack

7    his sentence, Petitioner's claims for a reduced sentence lack merit. Initially, Petitioner is not

8    entitled to a reduced sentence based on a subsequent change to the United States Sentencing

9    Guidelines, because the guidelines used to calculate his sentence range have not changed.

10   Petitioner pleaded guilty to using a cellular telephone to facilitate the commission of the

11   distribution of one gram of pure or actual methamphetamine and the possession with intent to

12   distribute 213.2 grams of pure or actual methamphetamine. Plea Agreement ¶ 1. Using the drug

13   quantity tables listed in Section 2D1.1(c), Petitioner's base offense level was calculated to be 34.

14   *Id.* ¶ 7; *see also* U.S. Sentencing Guidelines Manual § 2D1.1(c)(3). Petitioner then received a three-

15   level reduction for acceptance of responsibility, for an adjusted offense level of 31. Plea Agreement

16   ¶ 7; *see also* U.S. Sentencing Guidelines Manual § 3E1.1. Neither the drug quantity tables for

17   methamphetamine nor the adjustment for acceptance of responsibility has changed since Petitioner

18   was sentenced. Petitioner's offense level would therefore still be calculated at 31 if he was

19   sentenced today.

20       Likewise, Petitioner's ineligibility for "residential drug abuse program" and a "timely half-

21   way house release" do not justify a reduced sentence. The Supreme Court has held that if the

22   Sentencing Guidelines do not mention a given factor as a basis for departing downward from the

23   Guidelines range, as is the case here, the court may not grant a downward departure unless it

24   concludes that "certain aspects of the case [are] unusual enough for it to fall outside the heartland

25   of cases in the Guideline." *Koon v. United States*, 518 U.S. 81, 98 (1996); *see also United States v.*

26

27   ---
     [4] Under Federal Rule of Appellate Procedure 4(b), Petitioner had 14 days to appeal his conviction
     and sentence. Petitioner did not file an appeal and thus his conviction became final 14 days after
28   Judge Fogel entered judgment on August 26, 2011.

Case No.: 06-CR-00095-LHK
ORDER DENYING PETITIONER'S (1) MOTION FOR DOWNWARD DEPARTURE PURSUANT TO 28 U.S.C.
§ 2255; (2) MOTION FOR EVIDENTIARY HEARING; AND (3) MOTION FOR APPOINTMENT OF COUNSEL

*Charry Cubillos*, 91 F.3d 1342, 1345 (9th Cir. 1996). Ineligibility for certain prison programs due to one's status as a deportable alien is generally insufficient to justify such a downward departure. *See, e.g.*, *United States v. Esparza-Cruz*, No. 08-CR-3513, 2011 WL 2682701, at *3 (S.D. Cal. July 11, 2011); *United States v. Martinez*, No. 06-CR-2119, 2009 WL 4042868, at *2 (E.D. Wash. Nov. 18, 2009). Petitioner has not provided any reasons why his status as a deportable alien brings his case "out of the heartland of cases" in the Guidelines, and accordingly the Court concludes that Petitioner would not be eligible for a downward departure even if this claim had been preserved.

### E.     Motion for Evidentiary Hearing and Appointment of Counsel

Petitioner additionally moves for an evidentiary hearing and appointment of counsel. Pet. at 2; Mot. to Appoint Counsel. A district court may deny a Section 2255 motion without an evidentiary hearing if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous to warrant summary dismissal. *See United States v. Mejia-Mesa*, 153 F.3d 925, 931 (9th Cir. 1998) (district court properly denied evidentiary hearing on claims that failed to state a claim for relief under Section 2255 as a matter of law); *Farrow v. United States*, 580 F.2d 1339, 1360-61 (9th Cir. 1978) (evidentiary hearing unwarranted when Section 2255 petition relied on "conclusory allegations, unsupported by facts and refuted by the record"). Here, the Petition is untimely and fails to present any cognizable claim for relief. Accordingly, the Court DENIES Petitioner's request for an evidentiary hearing.

With regard to the appointment of counsel, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require," and the petitioner is financially unable to obtain representation. Appointment is mandatory whenever an evidentiary hearing is required in a habeas action. *See United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995) (citing Rule 8(c) of the Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255). As explained above, an evidentiary hearing is unwarranted in this case. Moreover, Petitioner's claims are both waived and time-barred. Accordingly, the interests of justice do not require appointment of counsel, and Petitioner's motion for appointment of counsel is DENIED.

Case No.: 06-CR-00095-LHK
ORDER DENYING PETITIONER'S (1) MOTION FOR DOWNWARD DEPARTURE PURSUANT TO 28 U.S.C. § 2255; (2) MOTION FOR EVIDENTIARY HEARING; AND (3) MOTION FOR APPOINTMENT OF COUNSEL

III.    **CONCLUSION**

For the foregoing reasons, the Court DENIES the Petition with prejudice. The Court also DENIES Petitioner's request for an evidentiary hearing and Motion to Appoint Counsel. No certificate of appealability shall issue, as Petitioner has not made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253(c)(2). The Clerk of the Court is directed to enter judgment for Respondent and against Petitioner and close the file.

**IT IS SO ORDERED.**

Dated: June 26, 2014

_____
LUCY H. KOH
United States District Judge

Case No.: 06-CR-00095-LHK
ORDER DENYING PETITIONER'S (1) MOTION FOR DOWNWARD DEPARTURE PURSUANT TO 28 U.S.C.
§ 2255; (2) MOTION FOR EVIDENTIARY HEARING; AND (3) MOTION FOR APPOINTMENT OF COUNSEL

United States District Court
For the Northern District of California