UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCO ALCAZAR,<br><br>Defendant. | Case Nos. 10-CR-00117-LHK<br>06-CR-00095-LHK<br><br>**ORDER DENYING MOTION FOR CONCURRENT SENTENCES**<br><br>Re: Dkt. No. 31 |

On February 15, 2006, Defendant Francisco Javier Alcazar ("Defendant") was indicted for distribution of methamphetamine and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841. *See United States v. Alcazar*, Case No. 06-CR-00095 ("2006 Case"), ECF No. 5. On September 28, 2009, Defendant pleaded guilty to a Superseding Information, which charged Defendant with two counts of using a cellular telephone to commit a controlled substance offense, in violation of 21 U.S.C. § 843(b). *See* 2006 Case, ECF No. 125 ("Superseding Information"); ECF No. 123 ("2006 Case Plea Agreement"). Defendant agreed in the 2006 Case Plea Agreement to a sentence of "36 months imprisonment for count 1 to run consecutively to 48 months for count two for a total of 84 months imprisonment." *See* 2006 Case Plea Agreement, ¶ 8. Moreover, in the 2006 Case Plea Agreement Defendant waived his right to "file any collateral attack on [his] conviction(s) or sentence." *See id.* ¶ 5.

1
Case Nos. 10-CR-00117-LHK, 06-CR-00095-LHK
ORDER DENYING MOTION FOR CONCURRENT SENTENCES

On February 3, 2010, Defendant failed to appear for sentencing in the 2006 Case. *See* 2006 Case, ECF No. 132.

On February 17, 2010, Defendant was charged in a separate indictment for one count of violating 18 U.S.C. § 3146(a)(1) by failing to appear for sentencing. *United States v. Alcazar*, 10-CR-00117 ("2010 Case"). On June 9, 2011, Defendant pleaded guilty to violating 18 U.S.C. § 3146(a)(1), and Defendant entered into a Plea Agreement wherein Defendant agreed to a sentence of "24 months imprisonment and 3 years of supervised release . . . to be served consecutively to the binding sentence of 7 years of imprisonment and 3 years of supervised release in" the 2006 Case. *See* 2010 Case, ECF No. 24 ("2010 Case Plea Agreement"), ¶ 8. Further, in the 2010 Case Plea Agreement Defendant waived his right to "file any collateral attack on [his] convictions or sentence." *Id. ¶* 5.

On August 4, 2011, Defendant was sentenced in the 2006 Case to 84 months imprisonment on Count One of the Superseding Information, and 48 months imprisonment on Count Two of the Superseding Information, to be served consecutively to each other. *See* 2006 Case, ECF No. 154. On that same day, Defendant was sentenced in the 2010 Case to a sentence of 24 months imprisonment, to be served consecutively to Defendant's sentence in the 2006 Case. *See* 2010 Case, ECF No. 27.

On October 13, 2015, Defendant filed a "Motion to Requested Sentence Term to Run Concurrently." ECF No. 31. Defendant argued that he "was prosecuted for the same offense and given multiple punishment for the same offense," in violation of the Double Jeopardy Clause of the U.S. Constitution. *Id.* at 11. On February 9, 2017, the Government filed a brief in opposition. ECF No. 35.

The Double Jeopardy Clause provides a Defendant "protection against multiple punishments for the same offense." *United States v. Scarano*, 76 F.3d 1471, 1474 (9th Cir. 1996). "An indictment is multiplicitous if it charges a single offense in more than one count." *United States v. Awad*, 551 F.3d 930, 937 (9th Cir. 2009). "The test for multiplicity is whether each count 'requires proof of a[n additional] fact which the other does not.'" *Id.* (quoting *Blockburger v.*

*United States*, 284 U.S. 229, 304 (1932)).  For the reasons discussed below, Defendant's motion is without merit.

First, the two counts in Defendant's 2006 Case are not multiplicitous of each other. Defendant acknowledged in the 2006 Case Plea Agreement that the conduct at issue in Count One occurred on November 19, 2005, and the conduct at issue in Count Two occurred on January 31, 2006.  *See* 2006 Case Plea Agreement.  Thus, Defendant pleaded guilty to violating § 843(b) on two occasions by making two separate phone calls on two separate dates.  Defendant's consecutive sentences do not violate the Double Jeopardy Clause.  *See United States v. Moore*, 653 F.2d 384, 391 (9th Cir. 1981) (holding that defendant could be sentenced consecutively for two counts of soliciting money in exchange for a promise not to testify because the defendant made two separate phone calls and "each call . . . require[d] proof distinct from the other.").

Second, the charge in Defendant's 2010 Case is not multiplicitous of the charges in Defendant's 2006 Case.  Defendant pleaded guilty in the 2010 Case to failing to appear for sentencing on February 3, 2010, in violation of 18 U.S.C. § 3146(a).  This is an entirely separate offense from the offenses at issue in Defendant's 2006 Case and occurred on a separate date. Accordingly, Defendant's consecutive sentence in the 2010 Case does not violate the Double Jeopardy Clause.  *See Moore*, 653 F.2d at 391; *see also Blockburger*, 284 U.S. at 304.

Finally, as stated above, the 2006 Case Plea Agreement and the 2010 Case Plea Agreement both contained language waiving Defendant's right to collaterally attack his sentence.  *See* 2006 Case Plea Agreement, ¶ 5 ("I agree to waive any right I may have to file any collateral attack on my conviction(s) or sentence."); 2010 Case Plea Agreement, ¶ 5 (same).  Accordingly, Defendant has waived his right to bring the instant motion.

For the foregoing reasons, Defendant's motion is DENIED.

**IT IS SO ORDERED.**

Dated: February 16, 2017

_____
LUCY H. KOH
United States District Judge

3
Case Nos. 10-CR-00117-LHK, 06-CR-00095-LHK
ORDER DENYING MOTION FOR CONCURRENT SENTENCES